```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                        :
GEORGE MIMS,                            :
                                        :
                    Petitioner,         :        04 Civ. 6133
                                        :          (BSJ)(FM)
            v.                          :
                                        :        **Memorandum and Order**
JAMES J. WALSH,                         :
                                        :
                    Respondent.         :
                                        :
----------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are pro se Petitioner George Mims'
("Petitioner") Objections to the October 3, 2012, Report and
Recommendation ("R&R") of Magistrate Judge Frank Maas
recommending the denial of Mims' Amended Petition for a Writ of
Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Amended Petition").
For the following reasons, the Court adopts the R&R in full,
overrules Mims' objections, and DENIES the Amended Petition.

### BACKGROUND[1]

On March 10, 1998, Petitioner was convicted of two counts
of Robbery in the First Degree and three counts of Robbery in
the Second Degree.  Following his direct appeal and multiple
collateral appeals, Petitioner filed an initial habeas petition
on May 14, 2004.  He subsequently filed several state court

_____

[1] The R&R sets forth in detail the factual background and procedural history
of this case.  The Court presumes familiarity with the R&R, and adopts its
factual background and procedural history.

motions to vacate his conviction under Section 440.20 of the New York Criminal Procedure Law ("Section 440").  At Judge Maas' direction, Petitioner filed the Amended Petition on October 2, 2009.  The Amended Petition alleges that Petitioner's incarceration has violated his constitutional rights because (1) the trial court permitted the testimony of three victims[2] who failed to identify Petitioner; (2) the trial court's questioning of Mildred Concepcion ("Concepcion") improperly bolstered the prosecution's case; (3) the trial court allowed testimony by Detective Grant regarding the pretrial identification procedures he used, which bolstered the witness' identification of Petitioner; (4) there was insufficient evidence to convict Petitioner of first degree robbery; (5) trial counsel did not adequately counsel Petitioner regarding the 10-year plea offer made by the state court judge; (6) trial counsel failed to investigate and to expose Detective Grant's misleading statements to Concepcion about Petitioner's prior criminal record during the pretrial identification process, particularly in light of Concepcion's subsequent "recantation" of her identification of Petitioner as the perpetrator; (7) trial counsel failed to investigate and to expose the suggestiveness of Detective Grant's comments to Joel Ortiz ("Ortiz") during his pretrial identification process; (8) the sentence imposed by the

---

[2] These witnesses were Jasmine Davis ("Davis"), Elsa Moure ("Moure"), and Edelma Perez ("Perez").

trial court was excessive in light of the plea offer made to Petitioner; and (9) Petitioner was sentenced as a second violent felony offender based on an erroneous prior conviction.

Judge Maas issued his R&R on October 3, 2012, recommending denial of the Amended Petition. The R&R makes the following findings: (1) the trial court properly allowed Davis, Moure, and Perez to testify, despite their inability to identify Petitioner, as the owners of property that had been taken from them during the incident; (2) the trial judge did not err in questioning Concepcion about the identities of other victims of the robberies and any possible error was cured by the jury charge; (3) the trial court did not err in allowing Detective Grant to testify regarding the pretrial identification procedures he used with Concepcion and Ortiz because defense counsel had challenged the accuracy of the witnesses' identifications when he cross-examined them; (4) the evidence was more than sufficient to allow a reasonable jury to conclude that Petitioner had committed first degree robbery; (5) there was no reason to question the trial judge's findings concerning the adequacy of trial counsel's advice about the plea offer; (6) Petitioner failed to establish that trial counsel's failure to investigate would have uncovered the information Petitioner claims it would have, and regardless, Petitioner failed to demonstrate that the outcome of the trial would probably have

3

been different had trial counsel discovered such information;
(7) Petitioner's sentence was within a range prescribed by state
law and therefore not excessive; and (8) Petitioner
misunderstands the law concerning his prior conviction, and his
status as a second violent felony offender was not erroneous.

On November 29, 2012, Petitioner filed his Objection to the
Report and Recommendation ("Objections"). Having construed this
pro se Petitioner's objections in the light most favorable to
his case, as required, see Parisi v. United States, 529 F.3d
134, 139 (2d Cir. 2008), the Court understands that Petitioner
makes specific objections to the following findings in the R&R:
(1) that trial counsel was not ineffective in counseling
Petitioner about the eleventh hour 10-year plea offer; (2) that
trial counsel was not ineffective in not interviewing Concepcion
and Ortiz regarding the pretrial identification process; and (3)
that the trial court properly allowed Davis, Moure, and Perez to
testify even though they could not affirmatively identify
Petitioner. Petitioner also objects to Judge Maas' failure to
address whether the state courts properly construed Petitioner's
claims as required for pro se litigants and his failure to give
weight to the traumatized mental state in which Petitioner was
placed when forced to accept or reject the plea offer.

**DISCUSSION**

**I. Standard of Review**

4

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them], in whole or in part[.]" 28 U.S.C. § 636(b)(1)(C).  The Court reviews de novo any portions of an R&R to which there are specific written objections.  See Andino v. Fischer, 698 F. Supp. 2d 362, 368 (S.D.N.Y. 2010) (citations omitted).  "If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  Silva v. Peninsula Hotel, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) (quotation marks and citations omitted).  "If no objections are filed, or where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error."  Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (internal quotation marks and citations omitted).

With respect to the portions of the instant R&R which the Court must review de novo, under the Antiterrorism Effective Death Penalty Act ("AEDPA"), the Court must give the state court's prior adjudication of Petitioners' claims a high degree of deference.  See Jimenez v. Walker, 458 F.3d 130, 146 (2d Cir. 2006) (internal citations omitted).  To the extent New York

state courts adjudicated the claims raised in the Amended Petition on the merits, the Court cannot grant Petitioner's habeas application unless the decision of the highest court to consider the merits of Petitioner's claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States [] or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362 (2000). In addition, a state court's factual determinations "shall be presumed to be correct," and Petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II. Analysis of Claims

To begin, the Court rejects Petitioner's assertion that Judge Maas committed error in not addressing whether the state courts that adjudicated Petitioner's claims had construed Petitioner's claims sufficiently liberally. Petitioner correctly points out that courts must construe pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, each state court judge who considered claims relevant to the Amended Petition noted that Petitioner was proceeding pro se in his collateral appeals. (See Decl. of Jean Soo Park in Opp. to Am.

6

Petition, Mar. 29, 2010, Ex. 8 at 1-5; Ex. 16 at 1-3; Ex. 22 at 1-4, 6-7, 11-12 ("Park Decl.").) Petitioner has presented no evidence suggesting that the state courts failed to apply the proper pleading standards to Petitioner's claims and there is no reason to question the state courts' awareness of Petitioner's lack of legal training. Judge Maas did not commit error in according the requisite deference to the state court's decisions. There was no reason to question the state courts' awareness of Petitioner's lack of legal training. The Court overrules this objection.

Similarly, the Court rejects the argument that Judge Maas erroneously failed to consider the traumatized mental state Petitioner experienced when faced with accepting or rejecting the 10-year plea offer. Receiving a plea offer is not a violation of a federal constitutional right. In fact, plea offers are so fundamental to the criminal justice system that a defense attorney is constitutionally required to communicate such a favorable offer to his client. See Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012). Judge Maas committed no error in not addressing Petitioner's purported dilemma in considering the 10-year plea offer.

## A. Ineffective Assistance of Counsel Claim

The bulk of Petitioner's objections concerns his claim that his Sixth Amendment right to effective assistance of counsel was

7

violated by trial counsel's deficient performance.  To prevail
on this claim, Petitioner must demonstrate that trial counsel's
performance "fell below an objective standard of reasonableness"
and that there is a "reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding
would have been different."  Strickland v. Washington, 466 U.S.
668, 688, 694 (1984).  There is a "strong presumption that [a
lawyer's] conduct falls within the wide range of reasonable
professional assistance[.]"  Id. at 689.

### 1. Plea Offer

Petitioner objects to the R&R's finding that trial
counsel's advice about the 10-year plea offer was not
ineffective.  He insists that he would have taken the 10-year
plea offer if trial counsel had told him to do so because such
advice "would have made a substantial difference within
Petitioner's perspective about the circumstantial evidence which
was being leveled against him[.]"  (Objections at 5.)

Petitioner raised this claim of ineffective assistance of
counsel in the section 440 motion decided by Justice Fisch on
May 12, 2008.[3]  (Park Decl., Ex. 16.)  In that decision, Justice
Fisch assessed the facts and circumstances of his particular
case, as required in determining whether Petitioner received

---

[3] Petitioner's request for permission to appeal Justice Fisch's decision was
denied by the Appellate Division, First Department, on July 16, 2008.  (Park
Decl., ¶ 14.)

meaningful representation regarding the plea offer, and found "the defendant was adequately counseled regarding the plea offers that were made." (Park. Decl., Ex. 16 at 10.) Justice Fisch stated further that

> [i]n light of the fact that defendant was adamant about his innocence, believed he possessed a strong alibi defense and that there existed weakness in the prosecution's identification evidence, the court finds based upon the credible testimony, that Mr. Bari provided meaningful representation when he counseled defendant about the plea offers.

(Park Decl., Ex. 16 at 10-11.) Justice Fisch also concluded that, even if trial counsel had advised Petitioner to accept the plea offer, Petitioner would have rejected it. (Park Decl., Ex. 16 at 11 (finding that Petitioner's "persistent and adamant claim of innocence" refuted his subsequent self-serving statement in collateral proceedings that he would have accepted the plea offer had trial counsel told him to do so).)

Having reviewed Justice Fisch's decision, Judge Maas found that Petitioner failed to establish that trial counsel's advice regarding the plea offer was constitutionally deficient. (R&R at 32-33.)

A petitioner can establish prejudice resulting from ineffective plea advice by showing that trial counsel's advice was ineffective and caused the petitioner to reject a favorable plea offer that he otherwise would have accepted. Lafler v. Cooper, 132 S. Ct. 1376, 1391 (2012) (citation omitted).

Petitioner argues that "defense counsel's disconcerting advocacy toward the 'offered plea,'" was ineffective and that "[c]ounsel knew or should have known to vigorously attempt to advise Petitioner to take the plea[.]"  (Objections at 12, 14.) According to Petitioner, trial counsel's statements confused Petitioner and caused him to fear proceeding to trial "because of 'the significant amount of jail time he would be facing if found guilty, due to the indecisive opinions coming from defense counsel[.]"  (Objections at 12.)  Petitioner claims that by telling Petitioner "the evidence is weak," trial counsel gave Petitioner the impression that "no plea would be required, [and] he would be found not guilty."  (Objections at 12.)  Finally, Petitioner contends that trial counsel failed to "adequately inform Petitioner of the sentencing exposure if he declined the 'eleventh hour' plea offer[.]"  (Objections at 13.)

    The Court has reviewed the evidence presented to the state court and Justice Fisch's decision rejecting this ineffective assistance of counsel claim, and finds that Petitioner has failed to establish that Justice Fisch's rejection of this ineffectiveness claim was either contrary to or an unreasonable application of clearly established federal law.  Indeed, Petitioner's argument that he was confused and scared about going to trial because of trial counsel's statements about the significant jail time he faced otherwise contradicts his

assertion that counsel failed to inform him of his sentencing exposure without the plea, and it demonstrates that trial counsel adequately informed Petitioner of his options. Petitioner does not substantiate his conclusion that counsel should have known to press harder in favor of accepting the offer.

Given Petitioner's repeated protestations of innocence before, during, and after the trial, the Court finds that Petitioner has not established that he would have accepted the offer but for trial counsel's deficient advice.  Accordingly, the Court finds that it must defer to the state court's finding that trial counsel was not ineffective in advising Petitioner about the 10-year plea offer and denies this ineffectiveness claim.

### 2. Failure to Investigate

"In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."  Strickland, 466 U.S. at 690-91. Petitioner argues that trial counsel's performance was deficient because he did not interview Concepcion and Ortiz prior to trial about the circumstances surrounding their photo array and lineup identifications of Petitioner.

11

According to Petitioner, had trial counsel interviewed Ortiz and Concepcion before trial, he would have discovered the "suggestive pre-lineup identification" procedures Detective Grant used with them, who were the only two witnesses who identified Petitioner. (Objections at 7.) Petitioner asserts that Detective Grant (1) showed Ortiz a photo array that included a photograph of Petitioner only two and one half hours before Ortiz identified Petitioner in a lineup and (2) told Concepcion that Petitioner had a criminal record "solely for the purpose of securing an arrest[.]" (Am. Pet., ¶ 13.) Petitioner also argues that the unreliability of Concepcion's identification is further evidenced by her June 9, 2009, affidavit in which she states that, after a private investigator showed her a photograph of Petitioner's brother, she may have made a mistake in identifying Petitioner as the perpetrator of the robberies. (Objections, Ex. B at 2 ("Concepcion Affidavit").)

Petitioner raised this claim in his sixth Section 440 motion. In rejecting the claim, Justice Tallmer found that trial counsel's conduct in relation to Ortiz and Concepcion, as reflected in both trial counsel's affidavit and the trial record itself, "make[s] out a legitimate defense strategy that is not

12

subject to second guessing on a CPL § 440.10 motion."[4]  (Park

Decl., Ex. 22 at 10 (citing People v. Satterfield, 66 N.Y.2d 796

(1985)).)  Finally, Justice Tallmer concluded that Petitioner

had failed to show that he was prejudiced by trial counsel's

supposed failure to interview Ortiz and Concepcion.[5]  (Park

Decl., Ex. 22 at 10.)

Judge Maas denied Petitioner's request for habeas relief on

this claim based on his findings that (1) there was no basis to

conclude that trial counsel's unsuccessful efforts to locate

Concepcion before trial were objectively unreasonable; (2) trial

counsel made a reasonable strategic choice not to mention

Petitioner's brother and therefore failure to pursue that line

of investigation with Concepcion was the result of sound

professional judgment and did not constitute deficient

performance; (3) while it is not at all clear that Ortiz was in

fact shown a photo array immediately before he identified

Petitioner in the lineup, even if he had, that does not

demonstrate that Detective Grant's tactics were unduly

suggestive; and (4) Petitioner has not established a reasonable

---

[4] Petitioner's request to appeal Justice Tallmer's decision was denied by the
Appellate Division, First Department, on August 6, 2009.  (Park Decl., ¶ 19.)
[5] Justice Tallmer also concluded that "Ms. Concepcion's affidavit . . . is not
a recantation of her trial testimony[.]"  (Park Decl., Ex. 22 at 10.)  The
Court agrees that Petitioner mischaracterizes the Concepcion Affidavit as a
"recantation" of her identification of Petitioner; it merely reflects that,
years after the incident and immediately after she was shown a photo of
Charles DuPont, Petitioner's brother, Concepcion recognized that her
identification may have been mistaken.  The Court denies Petitioner's request
for an evidentiary hearing to investigate further the "recantation"
affidavit.

probability that he would have been acquitted had trial counsel been able to cast some doubt on Ortiz's identification based on the supposed "suggestiveness" of Detective Grant's conduct. (R&R at 28-31.)

The Court has reviewed Justice Tallmer's decision and the record, and it agrees with Judge Maas that Justice Tallmer's decision to reject Petitioner's claim for failure to investigate was neither contrary to nor an unreasonable application of federal law. Accordingly, the Court defers to that decision and denies Petitioner's ineffectiveness claim.

### B. Admission of Victims' Testimony

Petitioner also argues that his trial was unfair due to the trial court's error in admitting testimony by Davis, Moure, and Perez despite their inability to identify Petitioner as the perpetrator of the robberies. Petitioner questions the veracity of the victims' testimony and appears to argue that the admission of this testimony impeded his ability to present a defense based on "mistaken identification" and Detective Grant's alleged "oral manipulation" of Conception and Ortiz during the pretrial identification process. (Objections at 10.)

Though couched as an objection to the trial court's admission of the testimony as improper, it seems clear that Petitioner essentially objects to the fact that the victims' testimony helped to prove the prosecution's case against him.

14

The Court agrees with Judge Maas that the trial court did not commit error in allowing the testimony because these witnesses all testified about the property that was stolen from them, which is an essential element of first and second degree robbery.  See N.Y.P.L. §§ 155.05, 160.00.

In any event, even if admission of the victims' testimony about details of the robberies was somehow erroneous, the Court finds that it was not "so unfair that it violates fundamental concepts of justice" sufficient to warrant habeas relief. Rosario v. Ercole, 582 F. Supp. 2d 541, 558 (S.D.N.Y. 2008), aff'd, 601 F.3d 118 (2d Cir. 2010) (citation omitted).  The Court therefore overrules Petitioner's objections and denies his request for habeas relief based on his evidentiary claim.

### C. Remaining Objections

To the extent that Petitioner's submission contains additional general objections, the Court has considered them and finds that Judge Maas' R&R was neither clearly erroneous nor contrary to law.  Accordingly, the Court overrules these objections.

### D. Remaining Portions of R&R

The Court has also reviewed the remaining portions of the R&R to which Petitioner has not objected, and finds them to be neither clearly erroneous nor contrary to law.  The Court therefore adopts these portions of the R&R, as well.

15

**CONCLUSION**

For the reasons stated above, Mims' writ is DENIED and the Amended Petition is DISMISSED with prejudice.

Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c); see also Middleton v. The Attorneys General of the States of New York and Pennsylvania, 396 F.3d 207, 209 (2d Cir. 2005) (quotation marks and citation omitted).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court is directed to close this case.

SO ORDERED:

_____
BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**


Dated:    New York, New York
          December 23, 2012

16